UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONNA I. WIELAND,

        Plaintiff,

        v.                         Case No. 11-C-0452

MICHAEL J. ASTRUE
Commissioner, Social Security Administration,

        Defendant.

DECISION AND ORDER REVERSING THE DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS

Donna I. Wieland appeals from the Social Security Administration's denial of her request for disability benefits. Wieland alleges disability beginning on December 1, 2007, because of a severe hearing loss, fatigue, and pain in her back and legs due to a degenerative disease of her joints and spine. (Tr. 16, 19, 264.) Her claim was denied initially on March 5, 2008, and upon reconsideration on July 9, 2008. Wieland, who was represented by counsel, testified at a hearing before an administrative law judge. The ALJ denied her claim on April 14, 2010, and the Appeals Council denied review on April 14, 2011, making it the final decision of the Commissioner.

In her decision, the ALJ found that Wieland has the residual functional capacity to perform light work with the ability to change positions as needed using a sit/stand option. (Tr. 21.) She is restricted from exposure to excess noisy environments, and should avoid public contact and have only occasional interaction with co-workers and supervisors. (*Id.*) Light work was defined as work lifting 10 pounds with frequent lifting or carrying of objects weighing up to 20 pounds, standing and/or walking 6 to 8 hours, or sitting most of the time with some pushing and pulling arm or leg controls. (*Id.*)

On review, the court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and her conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). However, the court's review is confined to the rationale provided in the ALJ's decision. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95, 63 S. Ct. 454, 87 L. Ed. 626 (1943)).

The Commissioner argues that the court need only decide whether Wieland can work as a bicycle assembler in a bicycle shop. This argument oversimplifies the court's analysis. Indeed, if the Commissioner commits an error of law, reversal is required without regard to the volume of evidence in support of the factual findings. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir.1997).

First, Wieland asserts that the ALJ's credibility assessment relied too heavily on boilerplate language and failed to properly apply SSR 96-7p. An ALJ's credibility finding will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). "A credibility assessment is afforded special deference because the ALJ is in the best position to see and hear the witness and determine credibility." *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000).

2

However, where the credibility determination is based on objective factors rather than subjective considerations, an ALJ is in no better position than the court and so the court has greater freedom to review it. *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). Further, the ALJ's credibility determination must construct a "logical bridge" from the evidence to the conclusion. *See Myles v. Astrue*, 582 F.3d 672, 674 (7th Cir.2009).

In crafting a credibility determination, the ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

    (1)    The individual's daily activities;

    (2)    Location, duration, frequency, and intensity of pain or other symptoms;

    (3)    Precipitating and aggravating factors;

    (4)    Type, dosage, effectiveness, and side effects of any medication;

    (5)    Treatment, other than medication, for relief of pain or other symptoms;

    (6)    Other measures taken to relieve pain or other symptoms;

    (7)    Other factors concerning functional limitations due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Also, it is not enough for the ALJ to "recite the factors that are described in the regulations" for evaluating symptoms. *Steele*, 290 F.3d at 942.

The ALJ's credibility assessment can be found in two paragraphs on page 7 of the decision (page 22 of the record). The first paragraph begins as follows:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

3

(Tr. 22.) The Seventh Circuit has characterized that precise language as a "boilerplate" credibility finding common in many ALJ opinions in Social Security disability claims. *Parker v. Astrue*, 597 F.3d 920, 921–22 (7th Cir. 2010).

Having found that Wieland's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," the ALJ wrote in the remainder of the paragraph that there were no clear objective neurological findings, no evidence of ongoing treatment, no suggestion regarding additional testing, and no difficulty hearing or understanding the majority of the questions while the ALJ sat across from her. The ALJ then concluded that the allegations of disability limitations are not supported by the evidence in the record.

This analysis is flawed in many respects. First, the social security regulations state explicitly that the administration will not reject a claimant's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on her ability to work solely because the available objective medical evidence does not substantiate the statements. 20 C.F.R. § 404.1529(c)(1)(2); SSR 96–7p; *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004). Second, there was no apparent attempt to question Wieland at the administrative proceeding to determine whether there are good reasons she had not sought further medical treatment. S.S.R. 96–7p. An ALJ may not rely on lack of treatment without exploring why treatment was infrequent. *See Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008). Finally, the ALJ's commentary regarding Wieland's ability to hear is not supported by the transcript. The record discloses that Wieland had difficulty hearing the ALJ, the ALJ had to relocate in the hearing room, and that she was raising her voice so that Wieland could

4

hear. Moreover, it is not clear that the ALJ considered Wieland's hearing impairment with respect to a work environment rather than a quiet hearing room.

The Commissioner responds to Wieland's argument regarding credibility by citing the report of the state agency's reviewing physician, Dr. Foster, who "specifically commented on the discrepancy between Ms. Wieland's allegations regarding her limitation in standing and walking and her ability to perform a job three days each week that required her to be on her feet for seven hours." (Tr. 303.) However, the ALJ never referred to Dr. Foster by name or the aforementioned comment. The citation to Dr. Foster's report appears on page 22 where the ALJ wrote "Medical staff for the State of Wisconsin were of the opinion that the claimant did not have a severe mental impairment and retained the residual functional capacity for light work activity with no exposure to noise." This does not comply with the standards of SSR 96-5p, 96-6p, and 20 C.F.R. § 404.1527, and is not the argument made by the Commissioner. On remand, the ALJ shall comply with the dictates of 96-7p, and further explain any inconsistency between Wieland's activities of daily living that included periods of rest, her complaints of pain, and the medical evidence. *See e.g., Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

The next issue raised by Weiland is the ALJ's failure to properly consider the testimony of Carol Lederhaus, a coworker, the statement of Jeffrey Wieland, her husband, and the report of Joe Stritchkoa, the salary manager for McDonald's. Lerhaus testified that Wieland could no longer hear the customers at the front counter or first window, and that she could not hear on the special telephone ordered by McDonalds. (Tr. 54-55.) She also testified that Wieland hobbled or limped because her legs hurts so much, and commented on the increasing pain and fatigue. Jeffrey Wieland testified that she was depressed, had

5

frequent headaches, and the pain had increased. (Tr. 169.) Stritchkoa submitted a written statement based on his experience in working with Wieland for the past five years. (Tr. 18.) He noted decreased physical functioning, an increased need for breaks, decreased work hours, and her limp while on the job. (Tr. 166.)

The ALJ referred to Stritchkoa and Lederhaus in two sentences on page 3 of the decision (page 18 of the record) in the context of determining whether Wieland had engaged in substantial gainful activity since December 1, 2007. The Commissioner does not address Wieland's arguments regard Stritchkoa and Lederhaus beyond submitting that the ALJ's RFC finding accommodated Wieland's hearing loss properly.

The ALJ must consider the entire record, including statements by "other persons about the symptoms and how they affect the individual." SSR 96–7p. In this case, it is unclear whether the ALJ considered the entire record because the decision only includes the witnesses' statements regarding noise.

Next, the court finds that remand is also necessary inasmuch as the ALJ failed to consider the difference between being able to engage in sporadic physical activities and being able to work eight hours a day five consecutive days of the week. *Carradine*, 360 F.3d at 755. SSR 96-8p requests that the RFC assessment include a discussion of the individual's abilities to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. Here, the ALJ made no finding that Wieland would be able to perform sustained work on an ongoing basis. In a case such as this, where Wieland was working part-time when the hearing was held, such a finding is imperative.

Finally, Wieland criticizes the ALJ's failure to provide information demanded regarding the documents that the VE relied upon at the hearing. After the VE testified that the two jobs

6

available to Wieland included mail clerk and bicycle assembler, he conceded on further examination that the May 2008 Wisconsin State Occupational Employment and Wage Estimates does not report jobs by DOT job title but rather by grouping based on census statistics and employer reporting. Further, the VE was aware of no methodology that would allow him to parse out the various types of clerks that might be reflected under the code. With respect to bike assembler, that same statistical source was used. Nevertheless, the ALJ found his testimony to be reliable without any inquiry or explanation regarding the underlying statistics. *See Overman v. Astrue*, 546 F.3d 456, 465 (7th Cir. 2008) ("[A] disability adjudication is a hybrid between the adversarial and inquisitorial models, and if the basis of the VE's testimony is questioned at the hearing, then the ALJ should make an inquiry ... to find out whether the purported expert's conclusions are reliable[.]" (internal quotation marks and citations omitted)). Rather, the ALJ commented generally that the Code of Federal Regulations states that the SSA will take administrative notice of reliable job information available from various governmental and other publications. Now, therefore,

IT IS ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 21st day of September, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

7